UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE MEDINA ESCOBAR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE ET AL.,<br><br>Defendants. | CASE NO. 2:26-cv-00392-JHC<br><br>ORDER |

This matter comes before the Court sua sponte.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant with a summons and a copy of the complaint within 90 days after the complaint is filed. If service is not effectuated in this timeframe, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* But the Court cannot wait indefinitely for service to be effectuated. *See, e.g.*, *Wang v. Mayorkas*, 2021 WL 5494482, at *2 (S.D. Cal. Nov. 23, 2021); *Johnson v. Cheryl*, 2013 WL 129383, at *5 (D. Nev. Jan. 9, 2013). And here, the Court is very concerned by the outstanding service issues, especially given the length of time that this action has been pending and the

numerous motions, requests, and orders concerning service that have occurred over the past five months. *See generally* Dkt. The Court also notes that resolution of this matter, or even the possibility of a stipulated agreement to stay the case pending resolution of Plaintiff's health issues, is impossible so long as Defendants have yet to be served and appear in this action. The Court thus believes that prompt resolution of the outstanding service issues is necessary.

Based on the record, it appears that no Defendant in this action has been served by either Plaintiff or by the U.S. Marshals Office. *See generally* Dkt. And while the Court has provisionally granted Plaintiff's motion for service by the U.S. Marshals, *see* Dkt. # 6, Plaintiff has not provided the Court with the required information—namely, a brief description of the efforts he has taken to effectuate service to date, a completed USM-285 form for each Defendant, and a completed summonses for each Defendant. *See generally* Dkt. The Court has also advised Plaintiff on two additional occasions that it cannot direct service by the Marshals until it receives such information. *See* Dkt. ## 8 & 10.

Accordingly, the Court EXTENDS Plaintiff's deadline to complete service until November 2, 2026. If Plaintiff still seeks service by the U.S. Marshals Office, he must file a brief description of the efforts he has taken to effectuate service to date, a completed USM-285 form for each Defendant, and a completed summonses for each Defendant on or before Friday October 16, 2026. If this information is not received by that date, Plaintiff's request for service by the U.S. Marshals will be denied. If Plaintiff wishes to serve Defendants on his own, he must file proof of service with the Court on or before November 2, 2026. Either way, Plaintiff is advised that any Defendant not served by November 2, 2026, will be dismissed from this action without prejudice.

The Court also reiterates its earlier statement: nothing in this order should be read to preclude Plaintiff from seeking voluntary dismissal of this action without prejudice under

Federal Rule of Civil Procedure 41(a). *See* Dkt. # 14 at 2.[1] And nothing in this order (or the order at Dkt. # 14) should be read to preclude Plaintiff from re-moving for a stay or seeking a stipulated agreement to stay this action if and when service is completed.

Dated this 2nd day of October, 2026.

John H. Chun
United States District Judge

[1] A dismissal without prejudice means that the case is dismissed but that the plaintiff can refile the same case at a later date, so long as the limitations period(s) on the plaintiff's claims have not expired.